# EXHIBIT B

**\*\*\* CITATION BY MAIL \*\*\***

**T H E   S T A T E   O F   T E X A S**

TO:   State Farm Lloyds
      Corporation Service Company
      211 E 7th St Suite 620
      Austin TX 78701-3218

      Defendant in the hereinafter styled and numbered cause: **2020-2096-B**

      You are hereby commanded to appear before the 124th District Court of
Gregg County, Texas, to be held at the courthouse of said County in the City
of Longview, Gregg County, Texas, by filing a written answer to the Petition
of Plaintiff at or before 10 o'clock a.m. of the Monday next after the
expiration of 20 days after the date of service hereof, a copy of which
accompanies this Citation, in Cause Number: **2020-2096-B**, styled

Suit For Deceptive, Trade Practices & Damages

| | |
|---|---|
| LONGVIEW PARKWAY PLAZA, LLC VS STATE FARM LLOYDS | Attorney for Plaintiff: ROBERT V MONGOLE 5166 HEIGHTS BOULEVARD HOUSTON TX 77007 |
| | 713-334-6121 |
| | Attorney for Defendant |

Filed in said court 16th day of November, 2020.

      Issued and given under my hand and seal of said Court at office, this the
21st day of January, 2021.

                    **Trey Hattaway**
                    District Clerk of
                    Gregg County, Texas
                    Gregg County Courthouse
                    P. O. Box 711
                    Longview, Texas 75606

                    Signed: 1/21/2021 9:46:54 AM

                    By _____ Deputy.

**NOTICE TO DEFENDANT**
      You have been sued.  You may employ an attorney.  If you or your attorney
do not file a written answer with the clerk who issued this citation by 10:00
a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default Judgment may be taken against
you. In addition to filing a written answer with the clerk you may be required
to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your
answer with the clerk. Find out more at TexasLawHelp.org.

**Officer's Return by Mailing**

Came to hand on the on this the 21st day of January, 2021, and executed by mailing certified mail restricted delivery a true copy of the citation together with a copy of Plaintiff's petition at the following address:

<u>Name & Address of Defendant</u>
State Farm Lloyds
Corporation Service Company
211 E 7th St Suite 620
Austin TX 78701-3218

```
*****************************************************
*            Attach            * Date Signed: _____
*       Return Receipt(s)      * Signed by: _____
*            With              * as evidenced by the signed return receipt
*                              * attached hereto and incorporated in
*      Addressee's Signature   * the return
*                              * _____ Not executed as to defendant
*                              * for the following reason:
*                              * Circle one
*                              * Unclaimed
*                              * Refused
*                              * Return to Sender
*                              * Moved, left no forwarding address
*                              * Unable to Forward
*                              * Other
*                              * TO CERTIFY WHICH WITNESS MY HAND
*                              * OFFICIALLY.
*                              * Trey Hattaway, District Clerk
*                              * By _____ Deputy
*********************************** Fee for serving Citation $60.00
```

**C I T A T I O N - B Y   M A I L I N G**

| File No. 2020-2096-B | Issued this 21st day of January, 2021. |
|---|---|
| In the 124th District Court Of Gregg County, Texas | **Trey Hattaway** District Clerk of Gregg County |
| LONGVIEW PARKWAY PLAZA, LLC VS STATE FARM LLOYDS | Signed: 1/21/2021 9:47:02 AM |
| | By _John't Craver_ Deputy |
| | Returned and Filed This _____ day of _____ **Trey Hattaway** District Clerk |
| | By_____ Deputy |

Electronically Submitted
11/16/2020 4:42 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

CAUSE NO. 2020-2096-B

| | | |
|---|---|---|
| **LONGVIEW PARKWAY PLAZA, LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **GREGG COUNTY, TEXAS** |
| | § | |
| | § | |
| **STATE FARM LLOYDS,** | § | 124th |
| *Defendant* | § | _____ **JUDICIAL DISTRICT** |
| | § | |

---

### PLAINTIFF LONGVIEW PARKWAY PLAZA, LLC'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW,** Longview Parkway Plaza, LLC, (hereinafter referred to as "Plaintiff"), complaining of State Farm Lloyds, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is a domestic limited liability company with its principal place of business in Gregg County, Texas.

3. State Farm Lloyds is a domestic insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of

---

*Plaintiff Longview Parkway Plaza, LLC's Original Petition*          Page | 1

service Corporation Service Company at the following address: 211 E. 7th St., Suite 620, Austin TX 78701-3218.

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant State Farm Lloyds because Defendant is a domestic insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, State Farm Lloyds sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6.  Venue is proper in Gregg County, Texas, because the Property is situated in Gregg County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.  Plaintiff purchased a policy from Defendant State Farm Lloyds, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which are located at 2631 Bill Owens Parkway, Longview TX 75604.

9.  Defendant State Farm Lloyds and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about March 12, 2019, Plaintiff experienced a severe storm-related event which caused substantial damage to the Properties and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant State Farm Lloyds.

12. Defendant sent adjusters to inspect Plaintiff's property shortly after March 12, 2019. Defendant's adjusters conducted a substandard investigation and inspection of the property, prepared a report that failed to include all the damages that were observed during the inspection, and undervalued the damages that they did observe and document during the inspection.

13. On or about July 17, 2019 Defendant's engineer Marc Camacho inspected Plaintiff's property. Camacho conducted a substandard investigation and inspection of the property, prepared a Report of Findings that failed to include all the damages that were observed during the inspection, and undervalued the damages that they did observe and document during the inspection.

14. For example, according to Camacho's Report, he found numerous signs of hail damage including hail dents up to approximately 1-3/4 inches in diameter to the metal panel roof and hail impact spatter marks up to approximately 3/4 inches in diameter to the metal roof and exterior surfaces. He also identified "cosmetic hail impact hail dents" to the condenser coil fins of five air-conditioning units.

15. Despite finding evidence of hail damage to virtually every exposed surface of Plaintiff's property, Camacho managed to ignore evidence of hail damage to the Plaintiff's concrete barrel tile roofing and the eight air-conditioning units with metal grid or louver enclosures. Camacho concluded that there were "[c]osmetic spatter marks on concrete title roofing" and

"[s]plits, breaks, and chips in the concrete tile roofing is the result of mechanical damage, wear and tear, and expansion/contraction and is not the result of any hail or wind events."

16. Subsequently, appraisal was invoked. Both parties appointed an appraiser and ultimately had Bob McGrath serve as umpire. On October 25, 2019, both appraisers and the umpire signed off on an appraisal award setting the amount of loss at $341,513.16 for replacement cost value and $275,890.17 actual cash value.

17. On November 12, 2019, Defendant sent payment for only $124,399.72, an amount some $169,604.46 less than the appraisal award, along with a letter ("Appraisal Letter") which offered Defendant's explanation for withholding the majority of the appraisal award.

18. Despite the appraisal award allocating $66,624.19 for the *replacement* of eight (8) HVAC units, Defendant withheld payment and instead paid $682.19 for the *repair* of the HVAC units. Despite Defendant's appointed adjuster, Plaintiff's appointed adjuster, and an independent umpire's determination that the eight (8) HVAC units needed replacement, Defendant's Appraisal Letter stated Defendant's "[o]ur investigation revealed the (HVAC) systems are repairable and the State Farm Estimate will be utilized as the basis for repair cost in the amount of $682.19."

19. The appraisal award also allocated $41,527.90 for the replacement of Plaintiff's tile roof. Defendant withheld the entire amount and their Appraisal Letter asserted their "investigation of the tile roof revealed no damage resulting from hail and/or wind." Defendant's refusal to pay for the tile roof is a based upon the reliance on their engineer, Mark Camacho's, substandard investigation and inspection of the property.

20. Additionally, Defendant withheld $14,242.67 in contingency, permits, and fees from the appraisal award. Defendant withheld an additional $41,840.63 in recoverable depreciation.

21. Subsequently, Plaintiff sent two letters dated July 21, 2020 and August 14, 2020 demanding payment for the amounts missing from the appraisal award. Defendant responded to each maintaining the position adopted in their Appraisal Letter.

22. Defendant's outcome-oriented investigation of Plaintiff's claim resulted in a biased, unfair and inequitable evaluation of their losses on the property. Defendant's subsequent refusal to pay the full appraisal award was based on their outcome-oriented investigation of Plaintiff's property.

## CAUSES OF ACTION

23. Each of the foregoing paragraphs is incorporated by reference in the following:

**Breach of Contract**

24. Defendant had a contract of insurance with Plaintiff. Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**Prompt Payment of Claims Statute**

25. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

26. Plaintiff, therefore, in addition to Plaintiff's claim for damages, in entitled to 18% interest and attorney's fees as set forth in Section 542.060 of the Texas Insurance Code.

**Bad Faith/Deceptive Trade Practices Act ("DTPA")**

27. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

28. Defendant violated Section 541.051 of the Texas Insurance Code by:

      A.  making statements misrepresenting the terms and/or benefits of the policy.

29. Defendant violated Section 541.060 by:

    A. misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    B. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    C. failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    D. failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    E. refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

30. Defendant violated Section 541.061 by:

    A. making an untrue statement of material fact;

    B. failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    C. making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    D. making a material misstatement of law; and

    E. failing to disclose a matter required by law to be disclosed.

31. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

32. Defendant has violated the Texas DTPA in the following respects:

    A.  Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    B.  Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

    C.  Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Allstate took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

33. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**Attorney's Fees**

34. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

35. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because they are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

36. Plaintiff further prays that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## DAMAGES

37. Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, (in excess of $200,000.00 but less than $1,000,000.00/ in excess of $1,000,000.00).

## COMPEL MEDIATION

38. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

39. Plaintiff demands a jury trial, consisting of citizens residing in Gregg County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

40. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production, Interrogatories, and Admissions contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant State Farm Lloyds, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce State Farm Lloyds ' complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in its attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by State Farm Lloyds' claims personnel, contractors, and third-party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether State Farm Lloyds intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of State Farm Lloyds and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between State Farm Lloyds and its assigned adjuster, and all correspondence between State Farm Lloyds and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1. Please identify any person State Farm Lloyds expects to call to testify at the time of trial.

2.  Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.  If State Farm Lloyds or State Farm Lloyds ' representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Farm Lloyds  or any of State Farm Lloyds ' representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.  Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Farm Lloyds' investigation.

5.  Please state the following concerning notice of claim and timing of payment:

    a.  The date and manner in which State Farm Lloyds received notice of the claim;

    b.  The date and manner in which State Farm Lloyds acknowledged receipt of the claim;

    c.  The date and manner in which State Farm Lloyds commenced investigation of the claim;

    d.  The date and manner in which State Farm Lloyds requested from the claimant all items, statements, and forms that State Farm Lloyds reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

    e.  The date and manner in which State Farm Lloyds notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. When was the date State Farm Lloyds anticipated litigation?

8. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Farm Lloyds' document retention policy.

9. Does State Farm Lloyds contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

10. Does State Farm Lloyds contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

11. Does State Farm Lloyds contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

12. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe State Farm Lloyds' bonus or incentive plan for adjusters.

## IV. ADMISSIONS

1. Admit that Insurance Policy Number 93CC20381 contained a valid and enforceable appraisal clause.

2. Admit that Insurance Policy Number 93CC20381 was in full force and effect as of the date of loss, being March 12, 2019.

3. Admit that Insurance Policy Number 93CC20381 covered the property located at 2631 Bill Owens Parkway, Longview, Texas 75604 (hereinafter the "Property").

4. Admit that appraisal was demanded correctly under the terms of Insurance Policy Number 93CC20381

5. Admit you participated in the appraisal process.

6. Admit that you appointed Bret Barnett as your appraiser.

7. Admit that Plaintiff appointed Raymond C. Choate as their appraiser.

8. Admit that Bob McGrath served as umpire.

9. Admit that Raymond C. Choate was a competent, disinterested appraiser.

10. Admit that Bob McGrath was a competent, disinterested umpire.

11. Admit that Bret Barnett, Raymond C. Choate, and Bob McGrath all signed the appraisal award.

12. Admit that the appraisal award was not the result of fraud, accident or mistake.

13. Admit that the appraisal award was issued on October 25, 2019 for actual cash value of $275,890.17 and replacement cost value of $341,513.16.

14. Admit that you have issued a total of $124,399.72 as policy proceeds in connection with Claim Number 43-8274-V21.

15. Admit that the appraisal award allocated an actual cash value of $52,573.46 and replacement cost value of $66,624.19 for the replacement of eight (8) HVAC Units.

16. Admit that you issued a total of $682.19 as policy proceeds in connection with the repair of HVAC Units under Claim Number 43-8274-V21.

17. Admit that you did not issue any monies as policy proceeds in connection with the replacement of any HVAC Units under Claim Number 43-8274-V21.

18. Admit that the appraisal award allocated an actual cash value of $36,010.12 and replacement cost value of $41,527.90 for the tile roof.

19. Admit that you did not issue any monies as policy proceeds in connection with the tile roof under Claim Number 43-8274-V21.

20. Admit that the appraisal award allocated for $14,242.67 in contingency, permits and fees.

21. Admit that you sent a letter dated November 12, 2019 ("November Letter") to Longview Parkway Plaza LLC.

22. Admit that the November Letter stated your "investigation of the tile roof revealed no damage resulting from hail and/or wind."

23. Admit that the November Letter stated the appraisal award "includes replacement of eight Heating, Ventilation & Air Conditioning (HVAC) systems.

24. Admit that the November Letter stated your investigation into the HVAC Units "revealed the systems are repairable."

25. Admit that you retained ProNet Group, Inc. to inspect the Property.

26. Admit that Mark Camacho issued a Report of Findings signed July 17, 2019 (hereinafter the "Camacho Report").

27. Admit that the Camacho Report found "cosmetic hail impact dents up to approximately 1-3/4 inches in diameter and spatter marks up to approximately 3/4 inches in diameter" to the roof.

28. Admit that the Camacho Report found "[h]ail impact spatter marks (up to approximately 3/4 inches in diameter) on exterior surfaces."

## CONCLUSION

41. Plaintiff prays that judgment be entered against Defendant State Farm Lloyds and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant State Farm Lloyds, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Robert V. Mongole*
**McCLENNY MOSELEY & ASSOCIATES, PLLC**
Robert V. Mongole
TX State Bar No. 24098124
James M. McClenny
TX State Bar No. 24091857
J. Zachary Moseley
TX State Bar No. 24092863
516 Heights Boulevard
Houston, Texas 77007
Principal Office No. (713) 334-6121
Facsimile: (713) 322-5953
robert@mma-pllc.com
**Attorneys for Plaintiff**

**CAUSE NO. 2020-2096-B**

| | | |
|---|---|---|
| LONGVIEW PARKWAY PLAZA, LLC, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | GREGG COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | |
| *Defendant*. | § | 124TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant State Farm Lloyds files this Original Answer and Defenses to Plaintiff's Original Petition.

### I.
### GENERAL DENIAL

1.      Defendant generally denies all material allegations contained in Plaintiff's Original Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendment thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.      **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof of damages resulting from any accidental direct physical loss during the policy period beyond those damages already paid by State Farm under the policy sued upon (the Policy).

3.      **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the Policy limits under the Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy.

4.      **Deductible/Offset.** Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's $13,860.00 deductible as well as an additional offset or credit in the amount of State Farm's claim payment to Plaintiff in the amount of $40,231.24, as well as an additional offset of credit in the amount of State Farm's payment to Plaintiff of $124,399.72 pursuant to the appraisal award.

5.      **Estoppel**. Plaintiff's breach of contract claim is barred, in whole or in part, by State Farm's timely issued payment of those portions of the appraisal award for loss to all portions of the property but for the tile roof and the replacement of the heating, ventilation & air conditioning systems. Specifically, Plaintiff is estopped from contesting whether State Farm complied with the insurance contract and is estopped from contesting actual damages under the insurance contract with respect to those portions of the appraisal award for which State Farm timely issued payment.

6.      **Payment of Award Bars Extra-Contractual Claims.** Because the amount of loss has been determined by appraisal and State Farm has timely issued payment of all portions of the award that could conceivably be covered under the Policy, Plaintiff has not sustained any damages that could allow it to maintain any extra-contractual cause of action. Specifically, Plaintiff is not entitled to receive any additional Policy benefits, Plaintiff has not lost a contractual right to any additional Policy benefits, and Plaintiff has not alleged any facts that would give rise to an independent injury claim.

7.    **Loss Settlement Provision/Condition: Replacement Cost Benefits**. The Policy requires that Plaintiff make actual repairs to the property to receive replacement cost benefits. The Policy specifically provides:

**SECTION I – CONDITIONS**

\*\*\*

**e. Loss Payment**

In the event of loss covered by this policy:

(1) At our option, we will either:

    (a) Pay     the     value     of     the     lost     or     damaged     property;

    (b) Pay the cost of repairing or replacing the lost or damaged property;

    (c) Take all or any part of the property at an agreed or appraised value; or

    (d) Repair, rebuild or replace the property with other property of like kind and quality.

We will determine e.(1)(a) in accordance with the applicable terms of Paragraph e.(4) below or any applicable provision which amends or supersedes the terms of Paragraph e.(4) below.

\*\*\*

(4) Except as provided in Paragraphs (b) through (e) below, we will determine the value of Covered Property as follows:

    (a) At replacement cost without deduction for depreciation, as of the time of loss, subject to the following:

        i.   We will pay the cost to repair or replace, after application of the deductible and without deduction for depreciation, but not more than the least of the following amounts:

            1) The Limit of Insurance under Section I – PROPERTY that applies to the lost or damaged property;
            2) The cost to replace, on the described premises, the lost or damaged property with other property of comparable material, quality and used for the same purpose; or
            3) The amount that you actually spend that is necessary to repair or replace the lost or damaged property.

If a building is rebuilt at a new premises, the cost is limited to the cost which would have been incurred had the building been built at the described premises.

ii.   You may make a claim for loss covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have loss settled on an actual cash value basis, you may still make a claim on a replacement cost basis if you notify us of your intent to do so within 180 days after the loss.

iii.   We will not pay on a replacement cost basis for any loss:

1)   Until the lost or damaged property is actually repaired or replaced; and
2)   Unless the repairs or replacement are made as soon as reasonably possible after the loss. '

iv.   The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

\*\*\*

Plaintiff has not provided proof of completed repairs or replacement to any covered property damage connected with their insurance claim. As such, Plaintiff's recovery in this case, if any, is currently limited to the actual cash value of the covered property damage.

8.      **Wear and Tear, Deterioration.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by normal wear and tear and deterioration. The Policy at issue provides that these conditions do not fall under the coverage of the Policy:

**SECTION I – EXCLUSIONS**
\*\*\*

2.   We do not insure under any coverage for loss whether consisting of, or directly and immediately caused by, one or more of the following:
\*\*\*

l.   Other Types of Loss

(1) Wear and tear;

      (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

***

      (4) Settling, cracking, shrinking or inspection

The damages Plaintiff is claiming to the tile roof were due to wear and tear and deterioration. These conditions are not insured under the Policy.

      9.    **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including for violations of the Texas Insurance Code or any other statutory or common law authority.

      10.    **Cap on Punitive Damages.** TEX. CIV. PRAC. AND REM. CODE §41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and the common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

## PRAYER

      Defendant State Farm Lloyds prays that upon final trial and hearing hereof, that Plaintiff take nothing, and that Defendant recover its costs, fees, and expenses, and such other further relief to which Defendant may show itself justly entitled.

5

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**


By:   */s/ M. Micah Kessler*
          M. Micah Kessler
          State Bar No. 00796878
          Rachel E. Wall
          State Bar No. 24066254
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: mkessler@nck-law.com
Email: rwall@nck-law.com

**COUNSEL FOR DEFENDANT**


## CERTIFICATE OF SERVICE


I certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on February 12, 2021, in the manner(s) prescribed below:

Robert V. Mongole
McClenny Moseley & Associates, PLLC
516 Heights Boulevard
Houston, Texas 77007
**VIA EFILE**

                                        */s/ M. Micah Kessler*
                                        M. Micah Kessler

6